UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORREY BROWN, #291581,

        Plaintiff,

                                    Case No. 2:26-cv-11831
v.                                  Honorable Linda V. Parker

WALENDZIK, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING SERVICE ON REMAINING DEFENDANTS

### I.  INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Torrey Brown ("Brown"), confined at the Macomb Correctional Facility in Lenox Township, Michigan, alleges that he was denied proper health care for his sickle cell disease resulting in physical pain and mental anguish in August 2025.  Brown names as Defendants Nurses Walendzik, Silverthorn, Katherine West, L. Bailey, and Patricia Lamb, Health Unit Manager Erin Parr Mirza, Nurse Practitioner Martino, Physician Assistant K. Farris, and Physician Obiakhor.  He seeks injunctive relief (i.e. additional medical care) and monetary (punitive) damages.  The Court has granted Brown leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).

## II.  REVIEW STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must dismiss an in forma pauperis complaint, in whole or in part, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court must dismiss a complaint seeking redress against government entities, officers, and employees if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations,

it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).  Pro se complaints must be construed liberally.  *Haines v. Kerner*,

404 U.S. 519, 520-521 (1972).  Despite this liberal pleading standard, the Court

finds that Brown's Complaint is subject to partial summary dismissal.

### III.  DISCUSSION

### A.      Claims against Mirza, Bailey, West, and Lamb

Brown's claims against Defendants Mirza, Bailey, West, and Lamb must be

dismissed.  It is well-settled that a civil rights plaintiff must allege the personal

involvement of a defendant to state a claim under § 1983 and that liability cannot

be based upon a theory of respondeat superior or vicarious liability.  *Monell v.*

*Dep't of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Turner v. City of Taylor*, 412

F.3d 629, 643 (6th Cir. 2005) (providing that the plaintiff must allege facts

showing that defendant participated, condoned, encouraged, or knowingly

acquiesced in alleged misconduct to establish liability).  Brown fails to allege the

necessary personal involvement with respect to Mirza, Bailey, West, and Lamb.

He does not allege any facts explaining what they personally did or did not do to

violate his rights.  He thus fails to state a claim upon which relief may be granted

against these individuals.

Brown seeks to hold Mirza liable because she is "in charge of all clinical

activities and matters concerning medical treatments," but he does not allege any

facts to show that she was personally involved in his medical care, or lack thereof,

during the events giving rise to his complaint.  Any assertion that she (or any other defendant) failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a viable claim under § 1983.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Brown seeks to hold Bailey, West, and Lamb liable because they denied his grievances.  To the extent that Brown asserts that these individuals violated his constitutional rights by failing to investigate his medical care complaints or by denying his grievances, he fails to state a claim upon which relief may be granted under § 1983.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances, *Smith v. Ark. State Hwy. Emps., Local 1315*, 441 U.S. 463, 464-465 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to

5

act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a prison grievance procedure or the right to an effective procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

Moreover, the failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, an individual's purported failure to investigate or take corrective action (after the fact) does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

For these reasons, Brown fails to state a claim upon which relief may be granted against Bailey, West, and Lamb concerning their investigation of his claims and the denial of his grievances. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-767 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Lastly, to the extent that Brown seeks to hold Mirza, Bailey, West, and Lamb liable because they "colluded" with the other defendants, he fails to state a

viable claim under § 1983 because this allegation is vague and conclusory.  It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009).

Brown thus fails to state a claim upon which relief may be granted under § 1983 against Defendants Mirza, Bailey, West, and Lamb.  His claims against them must be dismissed.

### B.    Claims against Walendzik, Silverthorn, Martino, Farris, and Obiakhor

Brown's allegations against Defendants Walendzik, Silverthorn, Martino, Farris, and Obiakhor concerning his medical care, construed liberally, state potential, plausible claims for relief under § 1983.  Consequently, his medical care claims against those Defendants survive the Court's initial screening process and are not subject to dismissal at this time.

### IV.  CONCLUSION

For the reasons stated, Brown fails to state a claim upon which relief may be granted under § 1983 against Defendants Mirza, Bailey, West, and Lamb. Accordingly, the Court sua sponte **DISMISSES** those individuals as Defendants and the claims against them from this case.

Brown states plausible claims for relief under § 1983 concerning his medical care against Defendants Walendzik, Silverthorn, Martino, Farris, and Obiakhor which survive initial screening.  Therefore, the Court **DIRECTS** that a copy of the Complaint and this order be served upon Defendants Walendzik, Silverthorn, Martino, Farris, and Obiakhor by the United States Marshal without prepayment of costs.

An appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA  V. PARKER  
U.S. DISTRICT JUDGE  

Dated: June 22, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 22, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager