UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Torrey Brown #291581 | NO. 2:26-cv-11831 |
| Plaintiff, | HON. LINDA V. PARKER |
| v. | MAG. JUDGE ANTHONY P. PATTI |
| WALENDZIK, et al., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 7)**

This matter is before the Court for consideration of Plaintiff Torrey Brown motion to appoint counsel (ECF No. 7). For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after the case has proceeded past its initial stages.

## I. Background

Plaintiff, a prisoner who is proceeding *in forma pauperis*, asserts an Eighth Amendment claim under 42 U.S.C § 1983. He alleges that between August 20th and August 23, 2025, during his incarceration at the Macomb Correctional Facility, he suffered physical pain and mental anguish because the various defendant healthcare providers denied him proper medical care for his sickle cell disease

while he was in a "Sickle Cell crisis/pain attack[.]" (ECF No. 1, PageID. 7, 10, *passim*).

Specifically, he pleaded that the following healthcare providers denied him treatment: Defendants Nurses Walendzik, Silverthorn, Katherine West, L. Bailey, and Patricia Lamb; Health Unit Manager Erin Parr Mirza; Nurse Practitioner Martino; Physician Assistant K. Farris; and Physician Obiakhor. (ECF No. 6, 7, PageID.1-4, 31).[1] On June 22, 2026, Judge Parker granted an order dismissing Defendants Mirza, Bailey, West, and Lamb due to Brown's failure to state a claim upon which relief could be granted under § 1983. (ECF No. 6, PageID. 37). On July 15, 2026, Judge Parker referred all pre-trial matters to me, including Plaintiff's motion to appoint counsel. (ECF No. 10.) That motion, phrased as an inquiry, reads, *in toto*: "I'd like to know if the courts would please provide me an attorney to help me with all court procedures. Thank you." (ECF No. 7, PageID.39.)

## II. Recruitment of Counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are

[1] In the complaint, Plaintiff does not provide Defendants' full names for the following "Walendzik", "Silverthorn", "L. Bailey", "Ms. Martino", "K. Farris", and "Obiakhor." (ECF No. 1, PageID. 1-4).

governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead, it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).[2]

The Sixth Circuit Court of Appeals has held that, "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[2] Whether a case involves exceptional circumstances turns on (1) the probable merit of the claims, (2) the nature of the

[2] Although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

case, (3) the legal and factual complexity of the issues raised, and (4) the litigant's ability to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has reviewed the record in light of these factors and finds that there are no exceptional circumstances that would justify the recruitment of counsel.

## III. Analysis

### A. Probable merit of Plaintiff's claim

At this stage of the litigation it is too early for the Court to evaluate the merits of Plaintiff's allegations. Due to the limited number of *pro bono* counsel available in comparison to the vast number of prisoners seeking volunteer representation, the Court generally defers *pro bono* counsel recruitment efforts until the case survives <u>all</u> dispositive motion practice. On June 22, 2026, Judge Parker granted a partial summary dismissal against Defendants Mirza, Bailey, West, and Lamb because Plaintiff's allegations against them were "vague and conclusory." (ECF No. 6, PageID. 37). Although Defendant Nurses Walendzik, Silverthorn, Health Unit Manager Erin Parr, Nurse Practitioner Martino, Physician Assistant K. Farris, and Physician Obiakhor "survive initial screening" (ECF No. 6, PageID. 38), this does not mean this case itself will survive dispositive motion

practice, such as a motion to dismiss under Fed. R. 12 or a motion for summary judgment under Fed. R. Civ. P. 56 later down the road. *See Roden v. Floyd*, No. 2:16-CV-11208, 2019 WL 2360933 at *2 (E.D. Mich. June 4, 2019) (although the plaintiff survived a summary judgment motion on one of his claims against one of several defendants, motion to appoint counsel denied until "all dispositive motions on the substantive issues in this matter have been decided.") Due to an inability to evaluate the merits and supportability of Plaintiff's allegations without such motion practice, it is too early to know if the case is going to trial on the merits. Many cases do not. However, if this case proceeds to trial, the Court can revisit the recruitment of *pro bono* counsel.

**B. Nature of the case and complexity of the issues**

Plaintiff Brown's two-sentence motion does not provide any information regarding the nature of the case or the complexity of the issues. (ECF No. 7, PageID. 39). Additionally, the complaint (ECF No. 1) presents a straightforward allegation of deliberate indifference and willful neglect, rather than a medically or legally complex scenario, and Eighth Amendment claims are common in prisoner litigation. Although it is undoubtedly true that counsel would be helpful, Plaintiff fails to show how the nature of this case and the complexity of the issues support a finding of exceptional circumstances to recruit counsel at this time.

**C. Indigency and ability of Plaintiff to represent himself**

Plaintiff's motion for appointment of counsel does not indicate any lack of ability to represent himself. Rather, Plaintiff Brown politely asks "if the courts would please provide" an attorney, without any explanation of why he seeks one. (ECF No. 7, PageID. 39). While the Court recognizes that he is a layman, likely without any legal training, this is not exceptional in prison litigation and would apply to all but a handful of *pro se* litigants; thus, it is not exceptional. Further, although Plaintiff says nothing in his motion about his indigency, the Court notes that he was granted *in forma pauperis* status (ECF No. 4) and is, therefore, likely without means to hire an attorney on an hourly or flat fee basis; however, that is also not exceptional for many would-be litigants, and particularly for prisoners, so his case and circumstances do not stand out in that regard.[3]

Moreover, having reviewed Plaintiff's complaint (ECF No. 1), the Court observes – without opining on whether a legally cognizable, plausible claim has been stated – that Plaintiff has illustrated his ability to articulate his claim and adequately communicate his requests in a clear and well-organized manner. For

[3] Of course, with effort, he might be able to retain a lawyer on a contingent fee basis, although in the Court's experience, that is never an easy task and even less likely if the merits of the case do not encourage counsel to take the risk of receiving no fee at the end of the day.

example, Plaintiff's statement of claim is effectively organized in chronological order and is easy to follow. (ECF No. 1, PageID. 7-8.)

The Court enjoys considerable discretion in the recruitment of counsel. It sincerely wishes that it were possible to do so here and at this time, as the presence of counsel very often renders litigation more efficient, and undoubtedly renders aid to litigants who lack legal training; however, Plaintiff has not convinced the Court that there are any exceptional circumstances that would make his case stand out from other litigants who allegedly suffered similar treatment or injury, or that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case.

## IV. Conclusion and Order

The Court concludes that it would be premature to recruit counsel at this stage. If this case should proceed to trial, the Court can revisit whether to recruit counsel and generally does so at that juncture. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[4]

Dated: July 30, 2026

Anthony P. Patti
United States Magistrate Judge

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).